977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur DAVIS, Plaintiff-Appellant,
v.
James H. STEVENS, Director, Veterans Hospital, Allen Park,
Michigan; United States Veterans Hospital Administration;
American Federation of Government Employees, Local 933,
Allen Park, Michigan, Affiliate with the AFL-CIO,
Defendants-Appellees.
 No. 92-1354.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Arthur Davis appeals a district court order dismissing his civil rights action brought pursuant to 42 U.S.C. §§ 1981 and 1985 and Title VII. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Davis sued the Veterans Administration and a local chapter of the American Federation of Government Employees. Davis alleged that the defendants conspired to terminate him from his employment at the VA Medical Center in 1983. Specifically, Davis alleges that: 1) the Veterans Administration discharged him on account of his race; 2) the defendants conspired to deprive him of his civil rights; 3) the Veterans Administration unlawfully discharged him on account of his "whistle blowing" activities; and 4) the union breached its duty of fair representation in processing his grievance concerning his discharge.
 
 
 3
 The district court determined that Davis's claims were barred by the doctrine of res judicata and dismissed the case. The district court also determined that Davis had violated Fed.R.Civ.P. 11 and sanctioned him in the amount of $200. Davis has filed a timely appeal. On appeal, Davis requests the appointment of counsel and a transcript at government expense. The defendant union has requested the imposition of further sanctions against Davis for filing a frivolous appeal.
 
 
 4
 Upon review, we affirm the district court's judgment. Davis's present claims are barred by the doctrine of res judicata. White v. Colgan Electric Co., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 5
 We also determine that the district court did not abuse its discretion in imposing sanctions against Davis pursuant to Fed.R.Civ.P. 11. See Cooter and Gell v. Hartmax Corp., 110 S.Ct. 2447, 2459-61 (1990).
 
 
 6
 Lastly, the defendant union requests that further sanctions be assessed against Davis. We first note that Davis is proceeding pro se in this appeal. While he has been persistent in filing four separate complaints, this is the first time that he has filed an appeal from a district court judgment. Hence, we conclude that sanctions are not appropriate in this case.
 
 
 7
 Accordingly, we deny Davis's request for counsel and free transcript and affirm the judgment for the reasons set forth in the district court's opinion and order filed on January 23, 1992. Rule 9(b)(3), Rules of the Sixth Circuit. Further sanctions are also hereby denied.